T.C. Summary Opinion 2001-161

UNITED STATES TAX COURT

ROBERT WALTER ALLISON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13733-99S.                    Filed October 11, 2001.

Robert Walter Allison, pro se.

<u>John W. Stevens</u> and <u>Robert D. Heitmeyer</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In a notice of deficiency, respondent determined that

petitioner is liable for a deficiency in petitioner's Federal income tax for the taxable year 1995 in the amount of $3,081.

After concessions made by respondent,[1] the issue for decision is whether petitioner is entitled to deduct certain Schedule C, Profit or Loss From Business, expenses in excess of amounts allowed by respondent for the year in issue.  Adjustments to the earned income credit, self-employment income tax and the deduction therefor are computational and will be resolved by the Court's holding in this case.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Troy, Michigan.

Background

Petitioner is the sole proprietor of Allison Associates, which is in the business of selling training equipment and supplies to public schools across the United States.  He has been in the business of sales for more than 40 years.  During 1995, petitioner operated Allison Associates out of his 1,050 square foot, 2-bedroom apartment.  Petitioner had lived alone in the apartment since about 1990, and it was not used to entertain family or other guests.

---

[1] Respondent concedes that petitioner is entitled to $26 of the utility expense and $826 of the business use of home expense claimed on his Schedule C, Profit or Loss From Business.

Petitioner is an independent representative of various school suppliers. Customers did not typically enter his apartment for business. Rather, customers would telephone orders through petitioner's toll-free 800 number or via facsimile. Petitioner traveled to various locations across the country to meet with school representatives to sell school supply products. Petitioner kept boxes of literature, samples of textbooks or computer software, and office supplies in the apartment. Petitioner also used a storage area in the basement, approximately 8 feet by 12 feet, to store boxes of literature, sample products, and office supplies. Petitioner did not store items of inventory in the apartment or the storage area.

Petitioner uses the smaller of the two bedrooms, approximately 10 feet by 10 feet, as his primary office. This room is cluttered with office furniture, literature, files, and office supplies. He did not have an office located outside of this apartment. The master bedroom is petitioner's bedroom, approximately 11 feet by 15 feet. This room is furnished with a nightstand and bed which petitioner uses at night. Petitioner stacked boxes of miscellaneous files and supplies in the corner of the master bedroom. The living room, approximately 17 feet by 12 feet, and dining room, approximately 8 feet by 9 feet, are petitioner's "work space" where he packages materials and fills envelopes, and conducts other office work. There is also a large

table in this area which petitioner does not clear off for eating his meals. In his apartment, petitioner has three televisions, which he watches for recreation.

In the notice of deficiency respondent made the following adjustments to Schedule C deductions by petitioner:

|  | 1996 | | |
|  | Claimed | Allowed | Disallowed |
| Car and truck | $4,900 | $1,225 | $3,675 |
| Interest | 250 | 0 | 250 |
| Travel | 2,864 | 1,682 | 1,182 |
| Utilities | 120 | 26 | 94 |
| Exhibits | 575 | 550 | 25 |
| General | 1,949 | 683 | 1,266 |
| Association fees | 225 | 227 | (2) |
| Business use of home | 4,130 | 826 | 3,304 |
| Total | $15,013 | $5,219 | $9,794 |

All numbers are rounded up to the nearest dollar.

Respondent disallowed deductions in the amounts shown above because petitioner failed to show that each claimed deduction was an ordinary and necessary business expense, or, in the alternative, because petitioner failed to substantiate the claimed deduction.

Discussion

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is required to maintain records sufficient to

establish the amount of his or her income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. 111, 113 (1933).  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. Du Pont, 308 U.S. 488, 495 (1940).  No deduction is allowed for personal, living, or family expenses. Sec. 262(a).

Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  However, section 274 supersedes the doctrine in Cohan v. Commissioner, supra, see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), and requires strict substantiation of expenses for travel, meals and entertainment, and gifts, and with respect to any listed property as defined in section 280F(d)(4).

Sec. 274(d). Listed property includes any passenger automobile or any other property used as a means of transportation. Sec. 280F(d)(4)(A)(i) and (ii).

A taxpayer is required by section 274(d) to substantiate a claimed expense by adequate records or by sufficient evidence corroborating the taxpayer's own statement establishing the amount, time, place, and business purpose of the expense. Sec. 274(d). Even if such an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

## 1. Car and Truck

At trial, petitioner's testimony as to the car and truck expense was confusing and inconsistent. As stated above, section 274 requires strict substantiation for deductions claimed for transportation in a passenger car. Petitioner testified that he used the actual mileage to calculate the $4,900 car and truck expense. Steven Sheeley, the Internal Revenue Service agent who handled petitioner's audit, testified that petitioner explained at audit that he calculated the amount of this deduction on a per mile allocation; i.e., 20,000 business miles at 31 cents per mile. Despite the apparent conflict in testimony, the rule for substantiating car and truck expenses is clear. Petitioner is required to provide a mileage log establishing the amount, time,

place, and business purpose of the expense. At trial, petitioner failed to provide any corroborating evidence, besides his self-serving testimony. The Court has discretion to disregard testimony which we find self-serving. <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 212 (1992). Accordingly, petitioner is not entitled to deduct a car and truck expense in excess of respondent's allowed car and truck expense for the year in issue.

2.  <u>Travel</u>

Respondent disallowed $3,675 of petitioner's 1995 travel expense deduction for failure to substantiate the amounts by the necessary records. We agree with respondent.

Petitioner testified that he traveled extensively to public schools across the United States. Although records were submitted to show the location of travel and the amount of the expense; i.e., lodging and airfare, petitioner failed to provide any information as to the purpose of the travel. There is no information in the record showing the names of the schools visited, the name of the contact person at the school, or the business purpose of the meeting. Section 274(d) requires strict substantiation, and it is clear to this Court that petitioner failed to meet his burden. Although we find that petitioner traveled to these places, petitioner failed to comply with the strict requirements of the statute.

3. General

Petitioner claimed a deduction for general expenses of $1,949. Respondent disallowed $1,266 of this general expense.

As with other items of expense deductions, petitioner's testimony provided little guidance as to what was claimed under the "general" category. Although petitioner's summary of his credit card spending for 1995 is helpful to substantiate amounts paid during that year, it provides no other helpful information. Petitioner is required to provide a business purpose for expenses claimed under section 162. Without a clear indication of what amounts constitute "general" expenses, we cannot allow a deduction in excess of respondent's previously allowed amount.

Respondent is sustained on this issue.

4. Business Use of Home

Section 280A generally prohibits deduction of otherwise allowable expenses with respect to the use of an individual taxpayer's home. This prohibition, however, does not apply to any item that is allocable to a portion of the home that is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business or to space that is used on a regular basis for storage of the taxpayer's inventory held for use in the taxpayer's trade or business of selling products at retail or wholesale. Sec. 280A(c)(1) and (2).

Petitioner claimed a Schedule C business use of home expense

deduction in the amount of $4,130. Petitioner deducted this amount as a home office expense for the year at issue based on the use of 50 percent of his apartment and use of his basement storage closet, which he used as an office and storage space, respectively.

Respondent conceded that the smaller bedroom was used exclusively as petitioner's principal place of business. This concession resulted in the allowance of a home office deduction of $826, based on petitioner's business usage of 10 percent of his apartment.[2] However, petitioner contends that 50 percent of his apartment, including the storage area, was used solely for his business. We disagree.

Although there is evidence that petitioner performed some office activities in other rooms of his apartment, i.e., his living room and dining room, petitioner did not use those rooms exclusively for his business. See Popov v. Commissioner, 246 F.3d 1190 (9th Cir. 2001), affg. in part and revg. in part T.C. Memo. 1998-374.

In addition, the storage space used by petitioner and claimed as a home office expense for 1995 was not used for the storage of items used as inventory, and petitioner is not entitled to a deduction for the use of this space pursuant to

---

[2]    Petitioner's total rent of his apartment for 1995 was $8,260.

section 280A(c)(2).  Accordingly, petitioner failed to establish that he is entitled to deduct an additional amount in excess of the amount respondent allowed.  Respondent is sustained on this issue.

### 5.  Interest, Utilities, and Exhibit

Petitioner failed to provide any information as to the claimed interest expense deduction, utility expense deduction, or exhibit expense deduction.  As a result, petitioner is deemed to have conceded these items.  See Rules 142(a), 149; Pearson v. Commissioner, T.C. Memo. 2000-160.

We have considered all arguments by the parties, and, to the extent not discussed above, conclude that they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.